UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JODY JOHNSON, et al. | : | |
| | : | |
| Plaintiffs | : | Case No. 3:23-cv-00730-JRK |
| | : | |
| v. | : | JUDGE JAMES R. KNEPP II |
| | : | |
| MARGARITAVILLE RESTAURANT | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes Defendant 212 Fremont Sandusky Wine & Spirit, LLC, misnamed in the Complaint as Margaritaville Restaurant ("Defendant" or "Margaritaville"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by Jody Johnson ("Plaintiff Johnson"), Emily McKenzie ("Plaintiff McKenzie"), and Shelby Skelton ("Plaintiff Skelton") (collectively, "Plaintiffs") states the following:

**THE PARTIES, JURISDICTION AND VENUE**

1. Paragraph 1 states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

1

## THE PARTIES

4. Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Plaintiffs misnamed the defendant and, therefore, Defendant denies the allegations contained in Paragraph 5 of the Complaint

6. Paragraph 6 states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 states a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND – PLAINTIFF SHELBY SKELTON

8. Defendant admits that it formerly employed Plaintiff Skelton, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that it purchased The Original Margaritaville Restaurant located at 212 Fremont Avenue, Sandusky, Ohio (the "Restaurant") and that Plaintiff Skelton was offered employment, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff Skelton's job duties included waiting tables, taking orders, and providing customer service, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff contacted Defendant's human resources department, but denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph  29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph  30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that it attempted to learn facts from Plaintiff Skelton in order to investigate her alleged claims, but denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that it attempted to learn facts from Plaintiff Skelton in order to investigate her alleged claims, but denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

### FACTUAL BACKGROUND-PLAINTIFF JODY JOHNSON

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits that it purchased the Restaurant and that Plaintiff Johnson was offered employment, but denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff Johnson worked at the bar, but denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff Johnson spoke to Defendant's human resources department, but denies the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant admits that it prohibits all forms of harassment and promptly responds to complaints of harassment, but denies the remaining allegations contained in Paragraph 67 of the Complaint

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Plaintiff's text message speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Plaintiff's text message speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Plaintiff's text message speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

**FACTUAL BACKGROUND – PLAINTIFF EMILY MCKENZIE**

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant admits that it purchased the Restaurant and that Plaintiff McKenzie was offered employment, but denies the remaining allegations contained in Paragraph 76 of the Complaint.

77. Defendant admits that Plaintiff McKenzie's job duties included waiting tables, taking orders, and providing customer service, but denies the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant admits that it provided complaint procedures to all employees of the Restaurant, but denies the remaining allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant admits that Plaintiff McKenzie voluntarily resigned, but denies the remaining allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

## COUNT I – TITLE VII

**Sexual Harassment: Hostile Work Environment/Constructive Discharge – All Plaintiffs**

97. Defendant incorporates its responses to Paragraphs 1 through 96 as if fully rewritten herein.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

## COUNT II – RC § 4112

**Sexual Harassment: Hostile Work Environment/Constructive Discharge – All Plaintiffs**

114. Defendant incorporates its responses to Paragraphs 1 through 113 as if fully rewritten herein.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.'

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

## COUNT III – TITLE VII

### Retaliation – All Plaintiffs

128. Defendant incorporates its responses to Paragraphs 1 through 127 as if fully rewritten herein.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Complaint.

## COUNT IV – RC § 4112

### Retaliation – All Plaintiffs

139. Defendant incorporates its responses to Paragraphs 1 through 139 as if fully rewritten herein.

140. Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141. Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143. Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144. Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145. Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149. Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in the WHEREFORE paragraph of the Complaint.

151. Defendant denies each and every allegation of the Complaint not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiffs' Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

1. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiffs have been misjoined.

3. Plaintiffs have named the wrong defendant.

4. Plaintiffs do not satisfy the Rule 19 joinder requirements.

5. Plaintiffs have failed to join all necessary and indispensable parties to this litigation.

6. Any relief to which Plaintiffs might otherwise be entitled is barred by the applicable statute of limitations and/or statute of repose.

7. Defendant's actions are job-related and consistent with Defendant's business necessity.

8. Plaintiffs have failed to mitigate or minimize their damages, the existence of which Defendant denies.

9. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

10. Plaintiffs have not sustained any damages proximately caused or actually caused by Defendant.

11. Based on after-acquired evidence, Plaintiffs' claims against Defendant and/or the relief sought by Plaintiffs against Defendant are barred by the doctrine of after-acquired evidence.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

13. Plaintiffs' claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for all actions towards Plaintiffs.

14. Some or all of the damages that Plaintiffs seek are not recoverable by law.

15. Plaintiffs' claims are frivolous.

16. Plaintiffs' claims are manufactured and directed by one of the Plaintiffs.

17. Plaintiffs' claims for punitive damages are barred because the alleged acts or omissions of Defendant (1) are not characterized by hatred, ill will, or a spirit of revenge; (2) do not evidence malicious intent, or reckless or conscious disregard for the Plaintiffs' protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiffs to punitive damages.

18. Any claim for punitive or liquidated damages is barred because any allegedly discriminatory or retaliatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

19. Plaintiffs have not suffered and are not suffering from emotional distress.

20. To the extent Plaintiffs suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

21. All employment decisions with respect to Plaintiffs were based upon legitimate, non-discriminatory, and non-retaliatory reasons, and not based upon any protected activity.

22. Plaintiffs have failed to exhaust their administrative remedies with respect to some or all of their claims.

23. Some or all of Plaintiffs' claims are preempted by federal labor law.

24. Defendant's policies prohibit all forms of harassment.

25. Defendant's policies provided complaint procedures to all employees, including Plaintiffs.

26. Some or all of the Plaintiffs failed to avail themselves of Defendant's complaint procedures.

27. Defendant promptly and effectively responded to Plaintiffs' complaints of alleged harassment.

28. Plaintiffs have not been subjected to severe or pervasive alleged harassment.

29. Plaintiffs' work performance was not impacted by the alleged harassment.

30. Plaintiffs were not subjected to conduct based on their sex.

31. Plaintiffs' claims are barred on the grounds that Plaintiffs failed to produce notice to Defendant of retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiffs utilized these procedures some or all of the harm allegedly suffered would have been prevented.

32. Plaintiffs were treated the same as all other employees, regardless of their engaging in any protected activity.

33. Plaintiffs cannot meet the but-for standard for retaliation claims.

34. Plaintiffs cannot prove pretext.

35. Plaintiffs cannot satisfy a prima facie case of retaliation.

36. Defendant can prove its legitimate, nonretaliatory reasons for discharging Plaintiffs.

37. Some or all of the Plaintiffs voluntarily resigned from their employment with Defendant.

38. Plaintiffs cannot meet the but for standard for discrimination claims.

39. Defendant incorporates by reference, as if fully restated herein, all affirmative defenses available to it under the civil rules, or which may become available in the future as a result of discovery of facts in this case or change in the law.

40. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant respectfully request that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and

that it recovers its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

                                        Respectfully submitted,

                                        /s/ David A. Campbell
                                        David A. Campbell (0066494)
                                        Arthur O Kostendt (0100577)
                                        Lewis Brisbois Bisgaard & Smith LLP
                                        1375 East Ninth Street, Suite 2250
                                        Cleveland, Ohio 44114
                                        Telephone:  216.344.9422
                                        Facsimile:  216.344.9421
                                        David.a.campbell@lewisbrisbois.com
                                        Arthur.kostendt@lewisbrisbois.com

                                        Attorneys for Defendant

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby respectfully demands a trial by jury on all issues so triable and that the jury be composed of the maximum numbers of jurors permitted by law.

                                        Respectfully submitted,

                                        /s/ David A. Campbell
                                        David A. Campbell (0066494)

                                        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system. If a party is not registered with the court's ECF system, a true and correct copy will be sent via email and U.S. Mail, postage prepaid, upon the following:

Rachel Sabo Friedmann
Peter G. Friedmann
Casey D. Mayell
The Friedmann Firm LLC
3740 Ridge Mill Dr.
Hilliard, OH 43026
Telephone: 614-610-9755
*Counsel for Plaintiffs*

/s/ David A. Campbell
David A. Campbell (0066494)
*Attorney for Defendant*