# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JODY JOHNSON, et al. | : | |
| | : | |
|     Plaintiffs | : | Case No. 3:23-cv-00730-JRK |
| | : | |
| v. | : | JUDGE JAMES R. KNEPP II |
| | : | |
| 212 FREMONT SANDUSKY WINE & SPIRIT, LLC | : | JURY DEMAND ENDORSED HEREON |
| | : | |
|     Defendant. | : | |

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF SHELBY SKELTON'S DECLARATION

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Defendant 212 Fremont Sandusky Wine & Spirit, LLC ("Defendant") respectfully moves this Court to strike Paragraphs 4-5 and 7-11 of the Declaration submitted by Plaintiff Shelby Skelton ("Skelton") in opposition to Defendant's motion for summary judgment.  These paragraphs of Skelton's Declaration contradict Skelton's deposition testimony without explanation.  *Francis v. Promedica Health System, Inc.*, 601 F.Supp.3d 258, 262-263 (N.D. Ohio 2022).  This Motion is supported by the attached Memorandum in Support.

    Respectfully submitted,

    */s/ David A. Campbell*
    David A. Campbell (0066494)
    Gordon Rees Scully Mansukhani, LLP
    600 Superior Ave., East, Suite 1300
    Cleveland, OH 44114
    Phone: (216) 302-2531
    Fax: (216) 539-0026
    dcampbell@grsm.com

    *Attorneys for Defendant*

**MEMORANDUM IN SUPPORT**

Federal Rule of Civil Procedure 56(c)(2) permits a party to object to material filed in support or opposition to a motion for summary judgment that is not admissible. One appropriate objection is when a declaration or affidavit contradicts prior deposition testimony without explanation. *Francis v. Promedica Health System, Inc.*, 601 F.Supp.3d 258, 262-263 (N.D. Ohio 2022).

In this case, prior to filing its motion for summary judgment, Defendant 212 Fremont Sandusky Wine & Spirit, LLC ("Defendant") deposed Plaintiff Shelby Skelton ("Skelton"). Defendant filed its motion for summary judgment based on Skelton's deposition transcript. (Doc. #17). In opposition to the motion, Skelton filed a declaration. (Doc. #18-7). Paragraphs 4-5 and 7-11 of the Declaration should be stricken because these paragraphs contradict Skelton's deposition transcript.

When deposed, Skelton only alleged one incident between her and Mominee. (Dep. Skelton at 51-52 and 61). The alleged comment is that contractors were "only talking to [Skelton] because [Skelton has] big boobs." (Dep. Skelton at 51-52). When deposed, Skelton was clear that this is the only comment Mominee made to her:

> Q. And as to those comments, I guess let's take one step back. The only time that you say that anybody made anything directly to you as a comment is the one about the contractors right?
> A. Yes.
> Q. Okay. That one – that one we've talked about. Everything else was directed to someone else or your overheard conversations?
> A. Yes.

(Dep. Skelton at 61).

In the Declaration, without explanation, Skelton changes her testimony with respect to Mominee's alleged conduct in Paragraphs 4 and 5:

> 4. Within the first few days of working for Mominee, he began speaking his mind about my body.
>
> 5. Mominee regularly made comments to me about my breasts, and how big they were for someone my age.

(Doc. #18-7).

Skelton also verified that she did not complain of this comment until after she was discharged by Mominee for performance issues:

> Q. And until Daryl had taken you off of the schedule, you didn't go in and complain, right?
> A. Yes.
> Q. You're saying, yes, that's true?
> A. Yes.

(Dep. Plaintiff at 61-62).

Despite the above testimony, the Declaration, in Paragraphs 7 to 11, alleges that Skelton "opposed" Mominee's "sexually suggestive conduct":

> 7. I never responded to Daryl Mominee's sexually suggestive conduct and continued to ignore his advances and in retaliation, Daryl Mominee because hostile and controlling over me.
>
> 8. In the beginning of December 2022, I noticed a rapid and significant shift in Mominee's attitude. I opposed all of Mominee's sexual comments and advances, and as a result Mominee became very rude after he realized that I would not give in to his sexual desires.
>
> 9. In particular, I noticed Mominee's attitude worsen significantly just a few days prior to my termination.
>
> 10. For example, I encountered an issue with the restaurant's new POS system, and asked Mominee for assistance in order to cash out customers. Mominee quickly became hostile and threatened me by saying "Say another word, I dare you."
>
> 11. On December 13, 2022, Mominee abruptly terminated my employment in retaliation for opposing his sexual comments and advances, alleging that I had excessive phone usage, treated other

staff poorly, and exhibited bad customer service.

(Doc. #18-7).

As to her discharge, in contradiction of the above allegations, Skelton admits that she was seeking additional shifts with Defendant. (Dep. Skelton at 44-45 ("I texted him and said, hey, I notice I'm not on the schedule, can you please put me on the schedule?")). Finally, as to grounds for her discharge, Skelton admitted that she used her phone during her shifts and she had a hard time with the Restaurant's ordering system. (Dep. Skelton at 45-46). Accordingly, because Paragraphs 4-5 and 7-11 contradict Skelton's deposition testimony, these paragraphs should not be considered at the summary judgment stage. *Francis*, 601 F.Supp.3d at 262-263.

        Respectfully submitted,

        */s/ David A. Campbell*
        David A. Campbell (0066494)
        Gordon Rees Scully Mansukhani, LLP
        600 Superior Ave., East, Suite 1300
        Cleveland, OH 44114
        Phone: (216) 302-2531
        Fax: (216) 539-0026
        dcampbell@grsm.com

        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system. If a party is not registered with the court's ECF system, a true and correct copy will be sent via email and U.S. Mail, postage prepaid, upon the following:

Rachel Sabo Friedmann
Peter G. Friedmann
The Friedmann Firm LLC
3740 Ridge Mill Dr.
Hilliard, OH 43026
Telephone: 614-610-9755
*Counsel for Plaintiffs*

                                                  */s/ David A. Campbell*
                                                  David A. Campbell (0066494)
                                                  *Attorney for Defendant*